UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMANDA STREET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-2571-B** |
| | § | |
| **BRAUM'S, INC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Braum's, Inc.'s Motion for Summary Judgment (Doc. 22). For the following reasons, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

This is a slip-and-fall case. Plaintiff Amanda Street contends she sustained personal injuries from slipping on a recently mopped floor at a Braum's location in Burleson, Texas. Surveillance video taken from a bird's-eye view of the Braum's dining room shows the events in question. *See* Doc. 22-1, Mot. Ex. A, at 0:00-1:25.

The video begins with a Braum's employee mopping a spill on the dining room floor. *See* Doc. 22-1, Mot. Ex. A, at 0:00-0:28. The spill is located approximately at the intersection of two walkways leading out of the dining room and one leading in. *See id.* at 00:29. After mopping, the employee retrieves a bright yellow sign. *See id.* at 00:36-00:48 Inscribed on both sides of the sign is the word "CAUTION" and a depiction of a person falling. *See id.* The sign is placed approximately in the middle of the mopped area. *Id.* at 00:49. As the employee places the sign and moves out of

frame, Street stands up from her table and begins to walk down one of the walkways. *See id.* at 00:48-00:58.

As Street approaches the wet area, the sides of the sign inscribed with "CAUTION" are partially obstructed from her view due to the positioning of the dining room walkways. *See id.* at 01:01-01:03. However, the sign itself is in plain view of Street as she approaches the mopped area. *See id.* Approximately ten seconds after the clean-up was completed, Street slips on the wet floor and falls to the ground. *See id.* at 01:04. When Street slipped, she was inches from the wet floor sign. *See id.*

Street sued in Texas state court for the injuries sustained from the fall. Doc. 1-2, Pet. She contends that Braum's breached its duty to invitees and acted negligently. *See* Doc. 8, Amend. Pet., ¶¶ 9-11. Within thirty days of Street filing suit, Braum's properly removed the action to this Court. *See* Doc. 1, Notice of Removal, 3. Braum's now brings its Motion for Summary Judgment, asserting that Street lacks the necessary evidentiary support for her claims. Doc. 22, Mot., 5-8.

The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). On a motion for summary judgment, the movant has the burden to prove that no genuine dispute exists as to a material fact. *Provident Life & Accident Ins. v. Goel*, 274

F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine dispute exists, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371-72 (5th Cir. 2002).

When the nonmovant would bear the burden of proof on an issue at trial, the movant can secure summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. For such "no-evidence" motions, the movant need not raise evidence to "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis and citation omitted). Rather, the movant's burden is to assert an "absence of facts supporting the elements of the plaintiff['s] theory of recovery." *Id.* (citation omitted). The non-moving party with the burden of proof at trial must then "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). The non-moving party's proffered evidence "must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *Id.* (citations omitted).

Finally, the evidence that any party proffers in favor or against summary judgment "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citation omitted).

## III.

## ANALYSIS

Street's premises liability claim is the only claim upon which she can obtain relief under Texas law.[1] It is undisputed that Street was an invitee when the cause of action arose. *See* Doc. 23, Mot. Br., 6. Braum's is entitled to summary judgment on Street's premises liability claim because it satisfied its duty as a matter of law by adequately warning Street of the hazard.

"Under Texas law, a premises owner has 'a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them.'" *Johnson v. Kroger Comp.*, 841 Fed. Appx. 688, 689-90 (5th Cir. 2021) (citation omitted). To prevail on a premises liability claim, an invitee-plaintiff must establish four elements: First, "the property owner had actual or constructive knowledge of the condition causing the injury." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Second, "the condition posed an unreasonable risk of harm." *Id.* Third, "the property owner failed to take reasonable care to reduce or eliminate the risk." *Id.* Fourth, "the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Id.* at 251-52; *Williams v. Quicktrip Corp.*, No. 3:24-CV-1861-B, 2025 WL 1334061, at *2 (N.D. Tex. May 7, 2025) (Boyle, J.). "The third element is negated if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe." *Id.* at 252.

---

[1] Street pleaded this action under theories of premises liability and negligence. But when an alleged injury resulted from the property's condition, not an affirmative activity of a defendant, an injured party can only recover under a premises liability theory. *See H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992). Notably, Street does not raise the issue of negligence in her response to Summary Judgment. *See* Doc. 25, Mot. Resp. Br. Accordingly, the Court will evaluate her claim as one for premises liability.

A. *Braum's Adequately Warned Street.*

Braum's first argues it adequately warned of the hazard as a matter of law and thus is entitled to summary judgment. Doc. 22, Mot., 5-6. The Court agrees.[2] "If the property owner either adequately warned about the condition or took reasonable actions designed to make it reasonably safe," then the property owner satisfies its burden to reduce or eliminate the risk as a matter of law. *Henkel*, 441 S.W.3d at 252; *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996).

To be adequate, a warning must be more than a "general instruction" and instead notify of the particular condition. *Henkel*, 441 S.W.3d at 252. The mere fact that a warning could have been more effective does not render it inadequate. *Gen. Motors Corp. v. Saenz ex rel. Saenz*, 873 S.W.2d 353, 360 (Tex. 1993) ("Plaintiffs' argument that the warning could have been more prominent does not prove that it was not prominent enough. Every warning can always be made bigger, brighter and more obvious."). Rather, a warning is adequate as a matter of law "if, given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." *Watson v. Fiesta Mart, LLC,* No. 23-20081, 2023 WL 7870591, at *2 (5th Cir. Nov. 15, 2023) (citation omitted). Importantly, a landowner does not have a duty to both adequately warn and make safe. *Id.*

Considering the totality of the circumstances, Street is unable to establish a genuine issue of material fact as to whether Braum's warning failed to communicate the existence of the mopped floor in a manner that a reasonable person would perceive and understand. The video evidence conclusively establishes that, immediately after cleaning up the spill, a bright yellow caution sign was

[2] Because the Court finds Braum's adequately warned Street as a matter of law, it need not address the arguments on the remaining elements.

placed upright in approximately the middle of the mopped area. Doc. 22-1, Mot. Ex. A., at 00:48. Further, it is evident from the video that nothing obstructed customers' view of the sign. *Id.* at 01:02. The placement of a bright yellow caution sign in immediate proximity to the wet floor adequately warned all customers entering and exiting the dining room "in a manner that a reasonable person would perceive and understand." *See Watson*, 2023 WL 7870591, at *2.

Courts have routinely found that caution signs placed in immediate proximity to a slip hazard constitute an adequate warning as a matter of law. *See Estes v. Wal-Mart Stores Tex., LLC*, No. 3:16-CV-00319-O, 2017 WL 2778108, at *3 (N.D. Tex. June 27, 2017) (Lynn, C.J.) (holding two orange caution cones placed near the location of the hazard adequately warned as a matter of law); *Cruz v. W.H. Braum, Inc.*, No. 21-40477, 2022 WL 325449, at *3 (5th Cir. Feb. 3, 2022) (affirming a "yellow wet floor sign, in a deployed position," is adequate as a matter of law); *Williams*, 2025 WL 1334061, at *2 (finding the evidence conclusively established the plaintiff was adequately warned by multiple "bright yellow signs").

In response, Street argues that a fact issue exists as to the adequacy of the warning because the warning sign failed to effectively encompass the entire hazard and the wet-floor sign was not oriented to warn customers leaving the dining area. Doc. 25, Mot. Resp. Br., 6. In support of her argument, Street only cites to *City of Houston v. Crawford*. No. 01-18-00179-CV, 2018 WL 4868306 (Tex. App.—Houston [1st Dist.] Oct. 9, 2018, no pet.).

But the warning in *Crawford* is readily distinguishable from the case at hand. In *Crawford*, the defendant placed cones around a greasy area to warn of the hazard. 2018 WL 4868306, at *5. As time passed, the grease spread outside of the coned-off area, creating a hazard outside the marked area. *Id.* Since the plaintiff fell outside of the coned-off area, the court held a fact issue existed as to

whether the defendant "adequately warned her of the extent of the dangerous condition." *Id.* In contrast, the warning here did not convey that the hazard was contained within a defined area. As well, in *Crawford*, the record was silent as to whether the cones had any writing or images warning of the particular hazard.

Street further attempts to analogize *Crawford* to the record here by arguing that the caution sign appeared to be placed so that the readable face was turned toward the wall and trash cans rather than toward the customer walkway sign. Doc. 25, Pl.'s App., 9-10. But Street, in her deposition testimony, acknowledged that nothing was blocking her view of the sign and the video showed that the yellow sign was visible from each converging walkway. *Id.* at 6, 9. Because a yellow sign in a restaurant is universally understood to indicate caution, the sign merely needed to be visible from the three walkways in order to provide adequate warning of the wet floor. Indeed, Street herself acknowledged, when there is a yellow sign in a restaurant "anybody would believe it's a wet floor sign." *Id.* at 9. Therefore, Street's argument as to the orientation of the sign fails.

Lastly, Street argues that the sign needed to be placed in front of the hazard for it to be considered an adequate warning. But this contention is contrary to the numerous cases holding a warning sign need only be placed in the immediate vicinity of the hazard to adequately warn as a matter of law. *Cabellero v. Walgreens Co.*, No. 24-20512, 2025 WL 1555222, at *2 (5th Cir. June 2, 2025) ("Walgreens's wet-floor sign was sufficient as a matter of law because it was in the *immediate vicinity* of the hazard.") (emphasis added); *Williams*, 2025 WL 1334061, at *3 (holding a warning sign "on the same tile floor and within several feet of where [plaintiff] fell" "conclusively establish[ed] she was adequately warned"); *Love v. Starbucks Corp.*, No. SA-17-CA-405-FB, 2018 WL 6588577, at *5

(W.D. Tex. Sept. 28, 2018) (finding a wet floor sign located "approximately 4 to 5 tiles away from" the hazard adequately warned as a matter of law.).

The surveillance video and photos submitted by Braum's establish Street slipped no more than three tiles away from the wet floor sign. *See* Doc. 22-1, Mot. Ex. 1, at 1:04; Doc. 22-2, Mot. Ex. 2. Thus, the evidence demonstrates Braum's satisfied its duty by placing the sign in the immediate vicinity of the hazard.

*B. The Necessary-Use Exception Does Not Apply.*

Street asserts that even if the Court finds Braum's adequately warned her as a matter of law, a fact issue exists because the necessary-use exception applies. Doc. 25, Mot. Resp. Br., 8. The Court disagrees. The necessary-use exception is an exception to the general rule that landowners satisfy their duty by adequately warning of the danger. *See Austin*, 456 S.W.3d at 207. The exception applies "when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.* "Th[e] 'necessary[-]use' duty is 'specific and narrow.'" *Allen v. Sherman Operating Co., LLC*, No. 4:20-CV-SDJ, 2021 WL 5710566, at *2 (E.D. Tex. Dec. 2, 2021). "The plaintiff-invitee has the burden to prove that the 'necessary-use exception' applies." *Clark v. Wyndham Worldwide, Inc.*, No. 3:23-CV-1557-D, 2025 WL 28645, at *2 (N.D. Tex. Jan. 3, 2025) (Fitzwater, S.J.). Whether "a duty exists is a question of law for the court," and if no duty exists, "a jury cannot impose [such] a duty." *Bisacca v. Pilot Travel Centers, LLC*, 476 F. Supp. 3d 429, 436 (N.D. Tex. 2020) (Lindsay, J.) (citations omitted).

To establish the first element, the plaintiff must "show that encountering the hazardous condition was unavoidable." *Duron v. Costco Wholesale Corp.*, 773 F.Supp.3d 324, 347 (W.D. Tex.

2025). Most courts "focus on whether the plaintiff had to navigate the premises in a way that exposed them to the hazardous condition." *Id.*

In response to Street's argument that it was necessary to walk through the hazard to exit the dining room, Braum's presents two alternative routes. Doc. 30, Mot. Reply Br., 10-15. First, Braum's advances that Street could have safely exited the dining room by walking around the hazard to the other side of the walkway. *Id.* at 11. In support, Braum's attached photos with arrows depicting the route Street could have taken to avoid the hazard. *Id.* In response, Street asserts the video evidence demonstrates that the hazard encompassed the area which Braum's contends was a safe alternative route. Doc. 25, Mot. Resp. Br., 9. Thus, a fact issue arguably exists as to the safety of the first alternative route.

Braum's also contends that an exit door located at the back of the dining room provided a second alternative route. Doc. 30, Mot. Reply Br., 12. While Street admits an alternative rear exit existed, she contends a fact issue exists because she did not know the exit existed at the time and leaving through that exit was not practical. Doc. 25, Mot. Resp. Br., 9. But, Street does not cite to any cases, and the Court finds none, that hold a use of the premises is necessary because a plaintiff lacks subjective knowledge of an alternative or the alternative was impractical.

Rather, courts interpreting the necessary-use exception look to whether an available alternative route existed at all. *See Bisacca*, 476 F.Supp.3d at 437 (finding the plaintiff failed to prove an exit was necessary when the plaintiff failed to bring forward evidence an alternative exit was not available "even if doing so was less convenient."); *Lopez v. Ensign U.S. So. Drilling, LLC*, 524 S.W.3d 836, 849-50 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding the necessary-use exception did not apply when the plaintiff argued there was only one route available because he would "have

to go through a lot more stuff" to take an alternative route); *Nethery v. Turco*, No. 05-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (holding the plaintiff failed to raise a fact issue that there was no alternative route when she failed to look for alternative routes and did not present evidence that alternative routes did not exist).

Because an alternative exit existed, Street must present evidence that the exit was unavailable to her, not merely impractical, to meet burden. She fails to do so. The evidence shows the exit was open to customers, the door was not hidden, it was not marked in a way that made it seem unavailable to customers, and it was not exclusively used by Braum's employees. Doc. 30, Mot. Reply Br., 13-14; Doc. 25, Mot. Resp. Br., 9. Even if Street lacked subjective knowledge of the exit, she fails to show that the exit itself was unavailable. Further, Street's argument that using the exit would be impractical does not raise a dispute of fact as to whether traversing through the hazard was the only means available to her. Thus, the Court finds the necessary-use exception inapplicable.

Because no genuine dispute of material fact exists as to Street's premises liability claim, Braum's is entitled to judgment as a matter of law. Accordingly, Street's premises liability claim is dismissed with prejudice.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Braum's Motion for Summary Judgment (Doc. 22). Street will take nothing on her claim asserted against Braum's.

A final judgment will follow.

**SO ORDERED.**

**SIGNED: September 21, 2026.**

**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**